UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 11-025-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BILLIE LOU MOSLEY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On July 31, 2014, Defendant Billie Lou Mosley was sentenced to a term of incarceration of 68 months for her role in a conspiracy to distribute oxycodone.[1] [Record Nos. 136, 138]  At the time of sentencing, Mosley's non-binding guideline range of imprisonment was 51 to 63 months.  However, the Court determined that a guideline sentence was not appropriate and varied upward.  The reasoning for this upward variance is explained in the Statement of Reasons filed in conjunction with the Judgment.  It provides:

> The defendant, while in custody after her plea of guilty in this case, committed a separate drug offense by arranging a scheme to smuggle drugs into the detention facility.  Although the defendant received a separate punishment for that offense, the timing of the offense reflects the defendant's disrespect for the law and increases the likelihood that she will re-offend when released unless sufficient deterrence is provided.  The Court determined that a guideline sentence would not provide sufficient deterrence and, as a result, would not provide sufficient protection of the public.  Instead, the Court concluded that

---

1   This term of incarceration runs consecutively to any other undischarged sentence, including a 12 month sentence in *United States v. Mosley*, U.S. Dist. Ct., E.D. Ky., Southern Div, at Pikeville, No. 7: 12-cr-07-ART, for attempting to obtain marijuana while in federal custody awaiting sentencing.

>the least term of incarceration that would accomplish sentencing objectives was 68 months of imprisonment.

This matter is pending for consideration of Mosley's motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). [Record No. 144] She argues that her sentence should be reduced as a result of the recent changes to the United States Sentencing Commission's drug tables in the United States Sentencing Guidelines. However, for the reasons explained during the sentencing hearing and outlined above, the Court declines to reduce her sentence under the circumstances presented.[2]

A six-count Indictment was returned against Mosley and two other defendants on December 1, 2011. [Record No. 1] Mosley was charged in Count One with conspiring to distribute and possessing with intent to distribute oxycodone, in Counts Two and Six for distribution of oxycodone, and in Count Three for possessing with intent to distribute oxycodone. These charges resulted from Mosley's role in a conspiracy to distribute oxycodone from January 2011 through December 2011. Mosley acknowledged in her

---

2  The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

written Plea Agreement that her relevant conducted included 500 oxycodone 30 mg pills. [Record No. 88, p. 2] On February 24, 2012, she pleaded guilty to Count One of the Indictment and the remaining charges were dismissed at the time of sentencing.

Mosley was originally sentenced by United States District Judge Amul R. Thapar to a term of imprisonment of 97 months. [Record No. 90] However, the defendant's original sentence was vacated on appeal and the matter was remanded for further proceedings and resentencing. [Record No. 110] The defendant's case was later transferred to the undersigned and additional sentencing proceedings were held on July 31, 2014. [Record No. 139]

During re-sentencing, the Court considered all relevant factors under 18 U.S.C. § 3553 including the nature of the circumstances of the offense, the history and characteristics of the defendant, general and specific deterrence, the seriousness of the offense, and the need to protect the public. As outlined above, the undersigned determined that a sentence above the advisory guideline range was necessary to meet all statutory sentencing considerations. The subsequent amendment to the drug quantity tables does not alter this determination.

The Court continues to believe that the sentence imposed is sufficient but not greater than necessary to meet all statutory goals and objectives of 18 U.S.C. § 3553(a). A reduced sentence would not provide sufficient specific deterrence to this defendant or general deterrence to others inclined to engage in similar criminal activity. Finally, the Court believes that a decrease in Mosley's term of imprisonment would unduly diminish the seriousness of her offense and fail to provide adequate protection of the public. Accordingly, it is hereby

**ORDERED** that Defendant Billie Lou Mosley's motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 144] is **DENIED**.

This 12th day of March, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge